FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 08, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MELINDA MOTT, individually and on her own behalf and on behalf of others similarly situated,<br>Plaintiff,<br>v.<br>BEIS LLC,<br>Defendant. | No. 2:26-CV-00072-SAB<br><br>**ORDER DENYING MOTION TO DISMISS; STAYING CASE** |

Before the Court are Defendant's Motion to Stay or, in the Alternative, Dismiss Plaintiff's Complaint, ECF No. 21, and Defendant's Motion to Stay Proceedings Pending Ninth Circuit *Montes* Decisions, ECF No. 23. Plaintiff is represented by Lynn A. Toops, Michael C. Tackeff, and Samuel J. Strauss. Defendant is represented by Cole Kroshus, William P. Cole, and Tyler S. Weaver. The Motions were considered without oral argument.

Plaintiff originally filed her Complaint in the above-captioned matter in the Spokane County Superior Court on January 5, 2026. Defendant removed the case to this Court on February 10, 2026. In her Complaint, Plaintiff asserts Defendant, a retailer selling luggage and travel accessories, violated the Washington Commercial Electronic Mail Act (CEMA) and Consumer Protection Act (CPA) by sending emails to Washington consumers that contain subject headlines that misrepresent the timing and urgency of deals.

**Motion to Dismiss**

Defendant initially requests the Court stay the case pending the resolution of a "first-filed" proposed class action pending against it in the Western District – *Huong, et al. v. Beis, LLC*, No. 2:26-CV-00207-KKE (W.D. Wash.). While the Motion was pending, *Huong* was remanded to state court, and Defendant withdrew this specific request.

Turning to Defendant's Motion to Dismiss, Defendant requests the Court dismiss Plaintiff's Complaint, asserting that: (1) Plaintiff's claims are preempted by the federal Controlling the Assault of Non-Solicited Pornography and Marketing Act (CAN-SPAM), (2) the dormant commerce clause bars Plaintiff's claims, and (3) Plaintiff fails to allege an injury to her business or property, which is an element of all CPA claims.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the pleading contains sufficient factual allegations that enable the court to reasonably infer that the defendant could be liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). When evaluating a Rule 12(b)(6) motion, the court must draw all reasonable inferences in favor of the non-moving party. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept conclusory allegations as true or to accept any unreasonable inferences in a complaint. *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1054 (9th Cir. 2008).

To prevail on a CPA claim, a plaintiff must establish five elements: (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3)

affecting the public interest; (4) injury to the plaintiff's business or property; and (5) causation. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 780 (1986). CEMA is a Washington statute that imposes liability on any person who initiates or conspires to initiate the transmission of an email "to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that… [c]ontains false or misleading information in the subject line." Wash. Rev. Code § 19.190.020(1)(b). Although CEMA does not provide an independent private right of action, a violation of CEMA is a per se violation of the CPA. *State v. Heckel*, 143 Wash. 2d 824, 828 (2001); *Wright v. Lyft*, 189 Wash. 2d 718, 726 (2017); Wash. Rev. Code § 19.190.030(1), 19.190.100, ch. 19.86 et seq. CEMA contains a liquidated damages provision: "Damages to the recipient of a commercial electronic mail message… sent in violation of this chapter are $100, or actual damages, whichever is greater." Wash. Rev. Code § 19.190.040(1).

Congress enacted CAN-SPAM to establish a uniform standard regarding spam control. *Beyond Sys., Inc. v. Kraft Foods, Inc.*, 777 F.3d 712, 717 (4th Cir. 2015). CAN-SPAM provides a comprehensive standard to regulate commercial email messaging practices and broadly preempted state regulation of commercial email with limited, narrow exceptions. *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1061-63 (9th Cir. 2009). The exception: state laws that prohibit falsity or deception in any portion of a commercial email. 15 U.S.C. § 7707(b)(1).

In general, the dormant commerce clause is meant to prevent states from imposing economic protectionism. 2 TREATISE ON CONST. L. § 11.1. Courts apply a two-tiered approach to determine if a law violates the dormant commerce clause, and laws that discriminate against interstate commerce or directly regulate extra territorial conduct are generally struck down. *Nat'l Pork Producers Council v. Ross*, 456 F. Supp. 3d 1201, 1207 (S.D. Cal. 2020), *aff'd*, 6 F.4th 1021 (9th Cir. 2021), *aff'd*, 598 U.S. 356 (2023). A law that regulates even-handedly to protect a

legitimate local interest with only incidental effects on interstate commerce will be upheld. *Id*. A state law violates the dormant commerce clause when it discriminates in favor of the state's own residents and economic interests, to the detriment of out of state residents or interests. *Int'l Franchise Ass'n, Inc. v. City of Seattle*, 803 F.3d 389, 399 (9th Cir. 2015).

Turning first to Defendant's preemption argument, courts have already determined that CEMA's regulation of "false or misleading" email contents falls squarely within CAN-SPAM's exception for state laws that regulate falsity or deception. *Harrington v. Vineyard Vines*, LLC, 813 F.Supp.3d 1218, 1220 (W.D. Wash. 2025); *Ma v. Nike, Inc.*, No. C25-1235JLR, 2026 WL 100731 at 3 (W.D. Wash. 2026). Accordingly, Defendant's preemption argument fails.

Next, CEMA does not violate the dormant commerce clause. *Heckel*, 143 Wash. 2d at 839. CEMA's central requirement is that companies communicating with Washington residents be truthful in their communications. *Id*. Any requirement imposed by CEMA applies equally to any company, regardless of their location, and the statute hinges on the contact those companies make with Washington residents. *Id*. Extraterritorial effects alone do not violate the dormant commerce clause; there must be some competitive disadvantage to out-of-state entities as compared to in-state entities. *Nat'l Pork Producers*, 598 U.S. at 375.

Lastly, Plaintiff alleges sufficient facts to support her CEMA claim, and subsequently her CPA claim, against Defendant. She asserts Defendant initiates the sending of emails to consumers it has reason to know are owned by Washington residents and the email subject lines contain misleading information. Defendant asserts that the ruling in *Wright* (that a CEMA violation automatically establishes a CPA violation) is not applicable here, because the court in *Wright* only applied CEMA's liquidated damages provision to a case where unsolicited text messages were the issue (reasoning that phone storage, text-message rates, and other text-message-specific issues led to cognizable damages). *Wright*, 189 Wash.2d at 730

31. However, the court in *Wright* specifically noted that "there is no indication in [CEMA] that the legislature intended to regulate text messages and e-mails differently." *Id*. As there is no binding authority that distinguishes the requirements of text-message versus e-mail-based CEMA claims, a CEMA violation is a per se CPA violation regardless of the type of communication. Accordingly, Plaintiff has alleged sufficient facts to state a plausible claim of relief under the CPA.

For the reasons discussed above, Defendant's Motion to Dismiss is **denied**.

## Motion to Stay

In a separate Motion, Defendant requests the Court stay proceedings in the matter pending the Ninth Circuit's decisions in two different "*Montes*" cases: *Montes v. SPARC Grp., LLC*, No. 23-35496 (9th Cir.), where the Ninth Circuit will address whether a CPA claim requires allegations of actual economic loss, and *Montes v. Penney OpCo, LLC*, No. 25-8045, No. 26-241 (9th Cir.), where the Ninth Circuit will address whether an alleged CEMA violation confers Article III standing.

Opposing Defendant's request, Plaintiff asserts the Court should remand the case back to state court if Defendant is unable (or now unwilling) to affirmatively establish Article III standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (a party invoking federal jurisdiction has the burden to show that it exists).

A district court has discretion to stay proceedings in cases pending before it, and this power "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936).

The Court finds it appropriate to stay the above-captioned case pending the resolution of the *Montes* appeals. Regardless of the outcome of the appeals, the Ninth Circuit may be able to clarify issues relevant to this case, preventing further back-and-forth between the parties in future motions.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Stay or, in the Alternative, Dismiss Plaintiff's Complaint, ECF No. 21, is **DENIED**.

2. Defendant's Motion to Stay Proceedings Pending Ninth Circuit *Montes* Decisions, ECF No. 23, is **GRANTED**.

3. The above-captioned case is **stayed** pending resolution of the appeals in *Montes v. SPARC Grp., LLC*, No. 23-35496 (9th Cir.) and *Montes v. Penney OpCo, LLC*, No. 25-8045, No. 26-241 (9th Cir.).

4. The scheduling conference set for October 15, 2026, is **STRICKEN**.

**IT IS SO ORDERED**. The Clerk of Court is hereby directed to file this Order and provide copies to counsel.

**DATED** this 8th day of October 2026.

Stan Bastian
Chief United States District Judge